VICKSBURG, SHREVEPORT AND TEXAS RAILROAD COMPANY *v.* A. C. MC-
KEEN.

The provision in the 16th section of the Act incorporating the Vicksburg, Shreveport and Texas Rail-
road Company, to the effect "*that no transfer of stock shall exempt the party transferring it from the
obligation of paying installments afterwards called for, until fifty per cent. on each share shall have been
paid,*" exempts from liability to the company only those who have transferred their share of stock
after the payment of fifty per cent. on each share, *before* the installments have matured, and pay-
ment has been demanded.

APPEAL from the District Court of the Parish of Ouachita, *Mayo*, J.
*Morrison & Purvis*, and *McGuire & Ray*, for plaintiffs.   *J. T. Ludeling*
for defendant and appellant.

LAND, J.   The defendant subscribed to the capital stock of the Vicksburg,
Shreveport and Texas Railroad Company, the sum of one thousand dollars,
making forty shares, and paid thereon, at different times, five hundred and fifty
dollars; and on a call made by the company for the balance due, refused payment
and transferred his stock to *R. H. Watmore*, which transfer he plead in bar of
this action, instituted for its recovery.

The sufficiency of this defence depends upon the interpretation of section six-
teen of the Act of Incorporation, or charter of the company, which is in these
words :

"Stock books shall be kept in the office of the company.   Certificates of stock
shall be issued to the share holders, to be signed by the President of the Board of
Directors, for the time being ; and no transfer of stock shall be binding on the
company until made on its stock books.  *No transfer of stock shall exempt the
party transferring it from the obligation of paying installments afterwards called
for, until fifty per cent. on each share shall have been paid.*   Act of 1853, p. 186.

The exemption from liability for the balance of the installments, after the pay-
ment of fifty per cent. on each share, *by virtue of a transfer of stock*, creates the
difficulty of the case.   And a strict and literal construction of the language of
this section of the Act would perhaps sustain the defence to the action ; but it
would lead to consequences not intended by the lawgiver, and thereby defeat
his will.

In this case, a call was made on the defendant for the balance due on his sub-
scription, on the 2d of March, 1858 ; and on the 25th of the same month, he
transferred his stock to *Watmore*, and thereby defeated, (if his defence be valid in
law,) the right of action of the company against him for the unpaid installments
which were then due.

The provision in the sixteenth section of the Act relative to the transfer of
stock was made upon the *presumption that each installment would be demanded
and paid at maturity*, and that the exemption from liability to the company
would only extend to the *unmatured installments*, after the payment of fifty per
cent. on each share of stock.

It is, therefore, the opinion of the court, that *after the maturity* of the install-
ments, the *right of exemption, by virtue of the transfer*, was extinguished, and
that, notwithstanding the transfer on the stock books, the defendant was still lia-
ble to the company for the *unpaid balance then due*.   The right of transfer, to

have the effect contended for, must be exercised in perfect good faith, and in pursuance of the true intent and meaning of the Act.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.